**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

KARA LEE HEWETT,                                    :
    Plaintiff,                                    :
                                                 :
v.                                                 :          3:12-cv-558 (WWE)

ROBERT E. MURRAY,                                  :
    Defendant.                                 :

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Kara Lee Hewett, pro se, brings this action against defendant Robert E. Murray, the Chief Operating Officer of Graham Capital Management, L.P., on a claim of defamation.  Defendant has filed a motion to dismiss and plaintiff has filed motions for contempt based on the representations made in defendant's reply brief.  For the following reasons, the motion to dismiss will be granted and the motions for contempt will be denied.

**BACKGROUND**

For purposes of ruling on a motion to dismiss, the court accepts all allegations of the complaint as true.

In June 2011, plaintiff interviewed for a position in the information technology department of Graham Capital Management.  In her final interview, she spoke with defendant.  After the interview, defendant conveyed to Tom Debow, Graham's Chief Technology Officer, that he found "little substance to her answers."  Mr. Debow then sent an email to Tyler Longpre, the IT recruitment supervisor, and Steven Spector, a recruiter who had introduced plaintiff to the Graham.  His email stated that Mr. Murray had "found little substance to her answers."  He stated further that "[a]lthough [Mr.

1

Murray] will not stop me from hiring [Plaintiff] if I decide to do so, I do value his opinion."

The oral offer of employment to plaintiff was then rescinded.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Mr. Murray's statement in the email regarding the substance of plaintiff's answers was reprinted in a Graham Capital EEOC Position paper in response to an investigation into plaintiff's claim of discrimination.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Defamation

Defendant argues that the claim of defamation should be dismissed because the alleged offending communication was privileged and the statement represents an opinion rather than a statement of fact.

To establish a prima facie case of defamation, the plaintiff must allege that:  (1) the defendant published a defamatory statement; (2) the defamatory statement

identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement. Cweklinsky v. Mobil Chemical Co., 267 Conn. 210, 217 (2004).

A defamatory statement is defined as a communication that tends to "harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him...." QSP, Inc. v. Aetna Casualty & Surety Co., 256 Conn. 343, 356 (2001).  However, to be actionable in defamation, the offending statement must convey an objective fact rather than an opinion.  Daley v. Aetna Life & Casualty Co., 249 Conn. 766, 795-96 (1999).  A comment is an opinion if the maker of the statement intended to make a personal observation of the facts rather than express an objective fact.  Indiaweekly.com, LLC v. Nehaflix.com, Inc., 596 F. Supp. 2d 497, 503 (D. Conn. 2009).  A statement is factual if it relates to an event or a state of affairs that existed in the past or present and is capable of being known, while an opinion is a personal comment about another's conduct, qualifications or character that has some basis in fact.  Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107, 111 (Conn. 1982).

An absolute privilege is afforded to communications uttered or published in the course of judicial proceedings as long as they are in some way relevant to the subject of the controversy.  Mercer v. Blanchette, 133 Conn. App. 84, 89 (2012).  An employer's statement regarding an employment decision conveyed in response to an EEOC investigation is absolutely privileged because it is made in the course of a quasi-judicial proceeding.  Blake-McIntosh v. Cadbury Beverages, Inc., 1999 WL 464529, *7 (D.

3

Conn.).  Similarly, intracorporate communications in the context of employment decisions are entitled to a privilege that shields a defendant from defamation liability. Gambardella v. Apple Health Care, Inc., 291 Conn. 620, 628 (2009).

In this instance, the Court finds that the alleged defamatory statement as published to the EEOC was made in response to the investigation of plaintiff's complaint to the EEOC and therefore is entitled to an absolute privilege.  The statement in the email to other employees of Graham Capital Management was privileged as intracorporate communication made relevant to an employment decision.  Further, the alleged defamatory statement is not actionable because it does not state a fact but rather it expresses an assessment of plaintiff's answers during a job interview. Accordingly, plaintiff's claims will be dismissed for failure to state a claim.

**Motions for Contempt**

Plaintiff complains that defendant should be held in contempt of court because defendant's reply brief made misrepresentations regarding the arguments made in plaintiff's opposition arguments and because defendant has disregarded the Federal Rules of Civil Procedure relevant to the assertion of privileges.

Upon review, the Court finds that plaintiff's arguments regarding misrepresentations in the reply brief are lacking in merit.  Further, defendant was not required by Federal Rule of Civil Procedure 26(b)(5) to produce a privilege log to invoke his common law privileges in defense of a defamation claim.  Rule 26(b)(5) requires a party to provide a privilege log when that party withholds otherwise discoverable information based on a claimed privilege.  The motions for contempt will be denied.

4

However, in light of plaintiff's pro se status, the Court will not require plaintiff to pay reasonable attorney's fees relevant to her motions for contempt.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. #17).  The Court DENIES plaintiff's motions for contempt (docs. #12 and 17). The clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this   4th    day of December 2012.


_____/s/_____
Warren W. Eginton
Senior United States District Judge